The Lake Erie Gas Coal & Coke Co., Appellant, *v.* James
E. Patterson and John M. McClure, Executors of the
Estate of Alexander M. McClure, deceased, John M.
McClure, Jennie H. Patterson, Joseph E. Seiffert,
Sarah B. Stuckslager, Nora D. Thomas, A. L. McClure,
L. C. Borelle, Samuel M. McClure, Emma L. Tyson,
James E. Patterson, and W. F. Stewart, Trustee of the
Real Estate of Alexander M. McClure, deceased.

*Lease—Coal lease—Life estate—Mines and mining.*
The owner of a life interest in certain coal and of a fee in other coal leased
all the coal to a coal company for a term of years.   The lessee owned the
land lying between the coal which the lessor owned in fee and that which

he owned for life. The lease provided as follows: "The said party of the first part hereby guarantees peaceable possession of the premises hereby leased during the term of this lease, and agrees and binds himself that if the said party of the second part should be legally dispossessd thereof, to pay and reimburse the said party of the second part for all improvements made upon the said demised premises by them. . . . All covenants herein bind executors, administrators and assignees." At the time of lessor's death nearly all the coal owned by the lessor for life, and only a small portion of that owned by him in fee, had been taken out. The representatives and heirs of the lessor executed an instrument in writing that the lessee should not be dispossessed until the end of the term. *Held*, that the lessee had no right to have the lease canceled upon the death of the lessor.

Argued Nov. 9, 1897. Appeal, No. 187, Oct. T., 1897, by plaintiff, from decree of C. P. No. 3, Allegheny Co., May Term, 1897, No 479, dismissing bill in equity. Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity to cancel a lease.

The facts appear by the opinion of KENNEDY, P. J., which was as follows:

The purpose of the bill filed in this case is to have declared void and canceled a certain agreement entered into between Alexander McClure and the Youghiogheny and Ashtabula Coal and Coke Company, dated May 27, 1882, and an accounting between the estate of said Alexander McClure, who is now deceased, and the plaintiff, who has succeeded to the rights of the said Youghiogheny and Ashtabula Coal and Coke Company, under said agreement, as also the restraining of the defendants from all actions or proceedings against plaintiff for or on account of said agreement.

The facts found are as follows, viz:

1. By agreement dated May 27, 1882, Alexander McClure leased to the Youghiogheny and Ashtabula Coal and Coke Company for the term of twenty years, from July 1, 1882, all the coal owned by him in fee or in which he had a life interest, situated in Elizabeth township, Allegheny county, containing about four hundred acres, and also the surface of a piece of land situated in said township, containing about seventy acres— the said lessee agreeing to mine and remove therefrom not less

than one million bushels annually, and pay a rental or royalty therefor.

2. Said lease or agreement was subsequently assigned by the said Youghiogheny and Ashtabula Coal and Coke Company to the Union Coal and Coke Company, whose name was changed to the Lake Erie Coal and Coke Company, the plaintiff in this bill, which plaintiff company assumed the obligations of the said agreement, and continued to mine and remove coal from said premises, and pay rental or royalty therefor until the death of the said Alexander McClure, which occurred November 23, 1896.

3. Amongst other obligations in said agreement assumed by the plaintiff was a covenant, " to drive a continuous entry from the point where the opening made, designated as a main entry, which, as the mining progresses, shall be continued or extended to the back or furthermost part of the coal hereby leased."

4. The "back or furthermost part of the coal" so leased was a tract containing about ninety-six acres, which the said Alexander McClure owned in fee, and between that tract and the balance of the coal and surface leased and in which the said Alexander McClure had only a life estate was a tract of land containing about fifty acres owned by the Youghiogheny River Coal Company, its title thereto having been acquired by deed from William P. Fergus et al., dated August 26, 1887, through which the said entry must pass in order to reach the ninety-six acre tract.

5. The Youghiogheny River Coal Company, being the sole owner of the stock or property of the plaintiff company, its ownership of the fifty acre tract of land mentioned in the fourth finding of fact is for the purposes of this case the ownership of the plaintiff company.

6. The plaintiff in the lifetime of Alexander McClure drove the entry referred to in the third finding of fact above, continuously from the main entry to and into the ninety-six acre tract of coal before mentioned as the "back or furthermost part of the coal leased," in accordance with the provision of the lease or agreement above quoted, running through the fifty acre tract owned as before found for the purposes of this case by the plaintiff.

7. The said Alexander McClure died testate, and his executors, two of the defendants in this bill, and the other defendants herein, who are the devisees under his last will and testament,

and also the remainder-men of the coal in which he had a life estate leased as aforesaid, and being all of the parties interested in the property leased under the agreement aforesaid, having joined in the execution of an instrument in writing to the plaintiff assuring it, the said plaintiff, that it would not be dispossessed of the said leased premises, and agreeing to protect it in the possession thereof, to the full end of the term of said lease, and to execute any and all papers and assurances necessary to secure it in the possession of said premises.

8. The agreement or lease aforesaid contained the following provision: "The said party of the first part hereby guarantees peaceable possession of the premises hereby leased during the term of this lease, and agrees and binds himself that if the said party of the second part should be legally dispossessed thereof, to pay and reimburse the said party of the second part for all improvements made upon the said demised premises by them."

9. By the recitals of the lease the plaintiff had knowledge that the lessor, Alexander McClure, was only a tenant for life of a portion of the leased premises.

10. Of the coal leased in which the said Alexander McClure owned only a life estate, nearly all has been mined and removed, there remaining thereof unmined only about seventy acres, of which about thirty acres is solid coal, about eleven acres lies under streams or runs, and must be left there permanently, and the balance is in pillars and entries, and of the coal owned by said McClure in fee, viz: the ninety-six acre tract only a small portion, to wit: about one acre, has been mined and removed, and in the mining and removal of all of said coal the entry aforesaid driven by plaintiff has been used.

The plaintiff claims that upon the death of Alexander McClure it was legally dispossessed of the leased premises, the lease canceled and made void, and it, the said plaintiff, released from the performance of its covenants, and under the terms thereof entitled to compensation for improvements erected as made by it upon said premises and an accounting with the estate of Alexander McClure. While the defendants maintain that the lease is such a contract as survives the death of Alexander McClure, can be carried out by his executors, and that all the parties interested in the leased premises having joined in the assurance to plaintiff of possession to the full end of the term of said lease, it is bound to perform its covenants.

It will be admitted that technically upon the death of the lessor, that portion of the demised premises which he held for life would revert instantly to the remainder men, owners of the fee. Indeed this seems to have been in the minds of the parties at the time of the execution of the lease, which was for twenty years, and in order to prevent damages accruing to the lessee by reason of its dispossession before the expiration of the term through the death of Alexander McClure, the clause was inserted which has been quoted in the eighth finding of facts above, their intention seeming to be that if the lessor could in any way secure peaceable possession to the lessee of the whole premises, although he owned a portion of them only for life, until the end of the term of twenty years, no claim for damages would arise in favor of the lessee. But while it is true that ordinarily the death of the lessor terminates the lease, " the whole question in each case is one for construction, and must depend upon the intentions of the parties." Billings's Appeal, 106 Pa. 558. In the absence of anything showing a different intention, we would be forced to the conclusion that this lease terminated at the death of Alexander McClure. In this lease, however, we have the provision quoted in the foregoing findings of fact. And we have also the further provision that " All covenants herein bind executors, administrators and assigns," which, while in itself and by itself, is of no special significance, but taken in connection with the other provisions quoted, there is shown plainly an intention of the parties, that if the said lessor, through his executor, administrators and assigns, should in any way secure the peaceable possession guaranteed, the lease would be binding upon the parties to the full end of the term thereof, and only in case of actual dispossession would the lessee be entitled to compensation for its improvements, and no other damages. The plaintiff claims it was dispossessed by operation of law, but it was not actually dispossessed, on the contrary all the parties interested have assured it peaceable possession for the full term of the lease, not asking any new or additional consideration, but only that it continue to perform the obligations of the lease to the end of the term thereof, as it seems plain, from the instrument itself, was the intention of the parties, provided it shall have the peaceable possession guaranteed to it.

The plaintiff claims that the contract is, in its nature, entire,

and that failing in part by reason of the lapse of McClure's life estate, it (the plaintiff) has a right to repudiate the whole contract. This is answered by a reference to the clause guaranteeing possession of all of the premises, which guaranty being made good, it is not equitable to recognize any right to rescind the entire contract by reason of the technicality mentioned. In this connection it must not be forgotten that nearly all the coal in which Mr. McClure had a life estate has been mined and removed by plaintiff, only a small portion remaining, and most of that required to be left permanently, and that all the balance of the coal to be operated under the lease was owned by McClure in fee. This furnishes a strong reason in equity for refusing to permit the plaintiff to now have the contract declared void.

It is insisted that another company owning the tract intervening between the coal owned by the lessor in fee and that in which he had only a life estate, through which intervening tract the entry for the removal of the coal owned in fee must pass, the contract must fail by reason of the inability of the lessor to provide a mode for the removing of the coal; but this is completely answered by the fact that the owner of the fifty acre tract, the Youghiogheny River Coal Company and the plaintiff are one and the same company, and as has been found the ownership of said tract by the former company is for the purposes of this case the ownership of the plaintiff company.

The conclusions are that the plaintiff is not entitled to the relief prayed for, and that the bill must be dismissed at the costs of complainant.

It may be gravely doubted that the plaintiff has any standing in equity to maintain this bill, which seems to be an application for relief from the performance of its own obligation. It is plain that, in case of an action at law by the defendant for the recovery of rental or royalty from plaintiff under the lease, it could set up the matters contained in the bill as a defense to said action, and it is equally plain that in case of an attempt by plaintiff to remove its fixtures from the premises the defendants could file their bill to restrain it, but the right of plaintiff to file this bill is not so clear. This question, however, has not been raised; on the contrary, both sides have requested the court to entertain jurisdiction of the bill as filed and dispose of

the question upon its merits, which has been done, without passing upon the question of jurisdiction suggested.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*John O. Petty,* with him *Kennedy J. Friend,* for appellant. —The lease became absolutely void upon the death of Alexander M. McClure, as to the part of the demised premises held for life, and cannot be set up again by the remaindermen : Bacon's Abridgement, Lease, 1 ; Comyn, Landlord and Tenant, 24 ; Jackson on Landlord and Tenant, sec. 364 ; Standard Metallic Paint Co. v. Prince Mfg. Co., 133 Pa. 474 ; Reiff v. Reiff, 64 Pa. 134 ; Taylor on Landlord and Tenant, sec. 112 ; Simpson v. Butcher, 1 Douglas, 50 ; Borie v. Crissman, 3 W. N. C. 144 ; McDowell v. Addams, 45 Pa. 430 ; Haslage v. Krugh, 25 Pa. 97 ; Cobel v. Cobel, 8 Pa. 342. Upon the lease becoming void as to one part, the lessee had a right to surrender the lease as to the residue : McClurg v. Price, 59 Pa. 427 ; Duff v. Wilson, 69 Pa. 316 ; Seabrook v. Moyer, 88 Pa. 419 ; Beach on Contracts, secs. 786 and 787.

It was the duty of the lessor to secure to the lessee the right of way through the coal owned by the Youghiogheny River Coal Co., to mine the rear coal, and the failure to perform this duty, it being a condition precedent, released the lessee from the performance of its covenants so far as they relate to the said rear coal : Hoeveler v. Fleming, 91 Pa. 322 ; Kessler v. McConachy, 1 Rawle, 435 ; Wolf v. Weiner, 2 Brewster, 524 ; Bauer v. Broden, 3 Phila. 214 ; Garrison v. Moore, 1 Phila. 282.

Under the covenant of quiet enjoyment the plaintiff is entitled to the value of the improvements ; the words therein, " legally dispossessed," mean the loss of possession under the lessor's title : Wood's Landlord and Tenant, 756, 1115 ; Ludford v. Barber, 1 Durnford & East, 86 ; Martin v. Watts, 7 Term, 83 ; Collins v. Weller, 7 Term Rep. 478 ; Lanigan v. Kille, 97 Pa. 120 ; Bauders v. Fletcher, 11 S. & R. 419 ; Ross v. Dysart, 33 Pa. 452 ; Rawle on Covenants, sec. 142 ; Stewart v. Drake, 9 N. J. L. 139 ; McGary v. Hastings, 39 Cal. 360.

Whatever construction be given to the words " legally possessed " in the covenant of quiet enjoyment, the lessee upon

loss of its term through failure of the life tenant's estate, is entitled to remove the fixtures : Lawton v. Lawton, 3 Atk. 13 ; Welton v. Woodcock, 7 Mees. & W. 14 ; Halflick v. Stober, 11 Ohio, 482 ; Ombony v. Jones, 19 N. Y. 234 ; Martin v. Roe, 7 El. & Bl. 237.

The covenant : " The said party of the first part hereby guarantees peaceable possession of the premises hereby demised during the term of this lease, and agrees and binds himself that if the said party of the second part should be legally dispossessed thereof to pay and reimburse the said party of the second part for all improvements made upon the said demised premises by them," is the ordinary covenant of quiet enjoyment, and, together with the provision, " all covenants herein bind executors, administrators, and assignees " does not, as held by the court below, " show plainly an intention of the parties that if the lessor, though his executors, administrators and assigns, should in any way secure the peaceable possession guaranteed, the lease would be binding upon the parties to the full end of the term thereof:" Billings's App., 106 Pa. 558 ; Dickinson v. Calahan, 19 Pa. 227 ; McClowry v. Croghan, 1 Grant, 307 ; Henwood v. Cheeseman, 8 S. & R. 500 ; Twynam v. Pickard, 2 Barnewall & Alderson, 105 ; Sheppard's Touchstone, 176 ; Wollaston v. Hakewill, 3 Manning & Granger, 297 ; Fross v. Loomis, 105 Pa. 269 ; Platt on Covenants, 312, 561 ; Fry on Spec. Per. 422 ; Bacon's Abridgement, " Title Covenant, F." ; Maule v. Ashmead, 20 Pa. 482 ; Quain's App., 22 Pa. 510 ; Line v. Stephenson, 4 Bing. N. C. 678 ; Helser v. Pott, 3 Pa. 179 ; Slocum v. Clark, 2 Hill. 475 ; Moss's App., 35 Pa. 162 ; Clifford v. Beems, 3 Watts, 246 ; Beyer v. Fenstermacher, 2 Wharton, 95 ; Holt v. Martin, 51 Pa. 499 ; Brudnell v. Roberts, 2 Wils. 143 ; Blake v. Foster, 8 Term Rep. 487 ; Bigelow on Estoppel, 334 ; Taylor v. Caldwell, 3 Best. & S. 826 ; Howell v. Coupland, L. R. 1 Q. B. D. 258.

If the intention of the parties was as found by the court below, such intention cannot be carried into effect : McCoy v. Scott, 2 Rawle, 222 ; Adams v. Adams, 4 Watts, 160 ; Bacon's Abridgement, Lease, 1 ; Comyn's Landlord & Tenant, 24 ; Boyd v. McCombs, 4 Pa. 146 ; Bickford v. Parson, 5 Manning ; Granger & Scott, 920 ; Irish v. Johnston, 11 Pa. 483 ; Jackson & Gross, Landlord & Tenant, sec. 984 ; Taggart v. McGinn, 14

Pa. 155; Platt on Covenants, 541; Webb v. Russell, 3 Term Rep. 393; 1 Coke's Institutes, 215; Astor v. Miller, 2 Paige (N. Y.), 68; Babcock v. Scoville, 56 Ill. 461; Bodine v. Glading, 21 Pa. 50; Meason v. Kaine, 63 Pa. 339.

*J. S. Ferguson*, with him *E. G. Ferguson* and *Jacob H. Miller*, for appellee, cited, Janin v. Browne, 59 Cal. 37; Smith v. Alker, 102 N. Y. 87; Black v. Woodrow, 39 Md. 194; Peries v. Aycinena, 3 W. & S. 72.

PER CURIAM, January 3, 1898:

A careful consideration of this record has not convinced us that there is any error in the court's findings of fact or conclusions of law. The case appears to have been carefully considered, and the questions necessarily involved have been rightly decided. We find nothing in either of the specifications that requires special notice or discussion.

The decree is affirmed on the opinion of the learned president of the common pleas, and the appeal is dismissed at appellant company's costs.